PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 1847]

Name of Offender: Marquis Grayson      Case Number: 3:07-00171-12

Name of Judicial Officer: Honorable Todd J. Campbell, U. S. District Judge

Name of Current Judicial Official: Honorable Waverly D. Crenshaw, Jr., U.S. District Judge

Date of Original Sentence: November 7, 2008

Original Offense: 21 U.S.C. § 841(a)(1), Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine

Original Sentence: 120 months' custody; 5 years' supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: January 29, 2016

Assistant U.S. Attorney: John Benjamin Schrader      Defense Attorney: Dumaka Shabazz

---

### PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ To consider additional information.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other: consider additional information.

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this 19th day of January, 2017, and made a part of the records in the above case.

_____
Waverly D. Crenshaw, Jr.
U. S. District Judge

Jon R. Hahn
U.S. Probation Officer

Place    Columbia, TN

Date    January 17, 2017

# ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. <u>1847</u>, has been amended as follows:**

    **Violation No. 1 - has been updated.**

| Violation No. | Nature of Noncompliance |
|---|---|
| <u>1.</u> | **Shall not purchase, possess, use, distribute, or administer any controlled substance:** |

| | | |
|---|---|---|
| August 11, 2016 | refused test, admits using cocaine and marijuana | Court notified |
| September 8, 2016 | refused test, admits using cocaine and marijuana | Court notified |
| September 20, 2016 | positive for cocaine and marijuana, admits use | Court notified |
| October 12, 2016 | positive for cocaine and marijuana, admits use | Court notified |
| October 20, 2016 | refused test, admits using cocaine and marijuana | Court notified |
| November 1, 2016 | positive for cocaine and marijuana, admits use | |
| **November 29, 2016** | **positive for marijuana, denies use** | |
| **December 6, 2016** | **positive for marijuana, denies use** | |
| **December 20, 2016** | **positive for marijuana, last used 7 days prior** | |
| **January 12, 2017** | **positive for marijuana, last used 30 days prior** | |

**Compliance with Supervision Conditions and Prior Interventions:**

On August 15, 2016, the Court was notified of Mr. Grayson's use of marijuana and cocaine. On September 12, 2016, the Court was notified that Mr. Grayson admitted to using cocaine the last few days and was not coming in for a drug test. On September 21, 2016, the Court was notified that Mr. Grayson admitted using marijuana and cocaine. On October 28, 2016, the Court was notified that Mr. Grayson admitted using marijuana and cocaine and a separate failure to show for a urine screen. Mr. Grayson started outpatient treatment with the Guidance Center on August 12, 2016. It has since been discovered the treatment center had a misunderstanding to treatment protocols regarding the amount of visits and has since been corrected. The Counselor has Mr. Grayson attending weekly individual counseling sessions and has encourage Narcotics Anonymous attendance.

**Update of Offender Characteristics:**

Marquis Grayson is employed and resides with his mother in Williamson County, Tennessee.

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the Court consider the additional violations/information reported above at Mr. Grayson's revocation hearing before Your Honor scheduled for January 20, 2017, at 3:00 p.m.** The U.S. Attorney's Office is agreeable with this recommendation.

Approved: _____
              Donna Jackson
              Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MARQUIS GRAYSON, CASE NO. 3:07-00171-012

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4 | No recommendation |
| **SUPERVISED RELEASE:** | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(1) | No recommendation |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Mandatory revocation for possession of controlled substance or firearm or for refusal to comply with drug testing. If the defendant possesses a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the court may (A) revoke probation of supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Jon R. Hahn
U.S. Probation Officer

Approved:    Donna Jackson
Supervising U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant**  Marquis Grayson

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:07CR00171 - 12

3. **District/Office**  Middle District of Tennessee

4. **Original Sentence Date**  11 / 07 / 2008
   *month   day   year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not use illegal drugs | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  **C**

9. **Criminal History Category** *(see §7B1.4(a))*  **IV**

10. **Range of Imprisonment** *(see §7B1.4(a))*  **6-12 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Marquis Grayson

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)       _____    Home Detention          _____

    Other         _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 5 years less

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002